**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ALEXANDER ALICEA,
ALEJANDRO BORRAYO MORA,
and PETER RAMIREZ,

    Plaintiffs,

v.

PETER'S PLUMBING, INC.,
PEDRO ANGEL GONZALEZ A/K/A
ARIEL PEDRO GONZALEZ, and
YAILEN GONZALEZ,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs ALEXANDER ALICEA ("Alicea"), ALEJANDRO BORRAYO MORA ("Mora"), and PETER RAMIREZ ("Ramirez") bring this action against Defendants PETER'S PLUMBING, INC. ("PP"), PEDRO ANGEL GONZALEZ A/K/A ARIEL PEDRO GONZALEZ ("P. Gonzalez"), and YAILEN GONZALEZ ("Y. Gonzalez") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, PP was a Florida corporation that regularly transacted business in Broward County, Florida.

1

4. Upon information and belief, PP's gross sales or business done was in excess of $500,000 per year at all times material hereto.

5. PP was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

6. At all times material hereto, Mora engaged in interstate commerce on a regular and recurring basis, including but not limited to interstate travel to Puerto Rico in October and November 2022.

7. Mora engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

8. P. Gonzalez is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of PP, ran the day-to-day operations, and had operational control over PP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

9. Y. Gonzalez is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of PP, ran the day-to-day operations, and had operational control over PP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

10. PP and Peters Plumbing Supply Inc are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

11. PP operates a plumbing business that provides plumbing services.

12. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

13. Alicea worked for Defendants as a plumber

14. Mora worked for Defendants as a plumber

15. Ramirez worked for Defendants as a plumber

16. Defendants failed to pay Alicea's full and proper minimum wages.

17. Defendants failed to pay Mora's full and proper minimum wages.

18. Defendants failed to pay Ramirez's full and proper minimum wages.

19. Defendants failed to pay Alicea's full and proper overtime wages.

20. Defendants failed to pay Mora's full and proper overtime wages.

21. Defendants failed to pay Ramirez's full and proper overtime wages.

22. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

23. Attached as **Exhibit A** is a preliminary calculation of Alicea's claims; these amounts may change as Plaintiffs engage in the discovery process.

24. Attached as **Exhibit B** is a preliminary calculation of Mora's claims; these amounts may change as Plaintiffs engage in the discovery process.

25. Attached as **Exhibit C** is a preliminary calculation of Ramirez's claims; these amounts may change as Plaintiffs engage in the discovery process.

26. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

27. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-26 above as if set forth herein in full.

28. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

29. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791